## Andrew P. Gustavson, Appellee, v. George C. Hester, Appellant.

### Gen. No. 23,682.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD
S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1917. Reversed and remanded. Opinion filed
June 14, 1918.

### Statement of the Case.

Action by Andrew P. Gustavson, plaintiff, against
George C. Hester, defendant, to recover damages for
personal injuries sustained in an automobile collision.
From a judgment for plaintiff, defendant appeals.

ZIMMERMAN, GARRETT & RUNDALL, for appellant.

EDWARD H. TAYLOR, for appellee; LELAND V. PIER-
SON, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the
court.

### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*when negligence of respective
drivers of colliding automobiles is question for jury.* Conflicting

———

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

evidence *held* to present a question for the jury as to the negligence of the respective drivers of two automobiles colliding on a public street while proceeding in opposite directions.

2. AUTOMOBILES AND GARAGES, § 3*—*when instruction is erroneous because directing verdict and omitting question of due care.* In an action for injuries caused by an automobile collision, an instruction which informed the jury as to the law of speed applicable as expressed in the words of the statute and then directed that "if you believe from a preponderance of the evidence in this case that the defendant drove his car in violation of the law herein set forth and caused the damage and injury to the plaintiff * * * then you should find the defendant guilty," is erroneous as directing a verdict and omitting the question of due care on plaintiff's part.

3. NEGLIGENCE, § 202*—*when question of imputed is one of fact.* The question of whether a minor driving an automobile is under such control of the parent as to render the minor's negligence imputable to the parent so as to bar his recovery for injuries is a question of fact.

4. NEGLIGENCE, § 157*—*when burden lies upon plaintiff to show exercise of due care.* The burden is upon plaintiff, in an action for personal injuries negligently inflicted, to show that at the time of the injury he was in the exercise of due care.

5. APPEAL AND ERROR, § 369*—*when theory of case may not be changed on appeal.* Where plaintiff tried the case below on the theory that his minor son, who drove the automobile in which he was riding, was his agent and driving in his behalf, he cannot on appeal change his theory so as to claim that the negligence of the son was not imputable to him.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.